IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 15, 2010

**DAVID A. FERRELL v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Warren County**
**Nos. M-10896 & M-11032      Larry B. Stanley, Judge**

---

**No. M2010-00696-CCA-R3-CD - Filed December 28, 2010**

---

The Defendant, David A. Ferrell, was convicted of failure to display a license, violation of the seatbelt law, and two violations of the vehicle registration law. He was ordered to serve thirty days in jail and pay a fifty-dollar fine. His convictions were affirmed on direct appeal, and the Tennessee Supreme Court denied his application for permission to appeal. The Petitioner filed a petition for post-conviction relief, claiming the trial court lacked jurisdiction over his case. The post-conviction court summarily dismissed the petition citing the petition's untimeliness. The Petitioner appeals, contending the post-conviction court erred when it dismissed his petition. After a thorough review of the record and applicable law, we reverse the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which DAVID H. WELLES and J.C. MCLIN, JJ., joined.

David Arnold Ferrell, pro se, McMinnville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; and Lisa Zavagiannis, District Attorney General; for the Appellee, State of Tennessee.

**OPINION**
**I. Facts**

As this Court explained on direct appeal, this case concerns two cases, originating from two separate traffic stops, which were consolidated for this appeal:

This case arises from two traffic stops of the [D]efendant[:] one by the McMinnville Police Department and one by the Tennessee Highway Patrol. On August 10, 2006, an officer with the McMinnville Police Department stopped the [D]efendant after observing him operating a blue Mercedes with a license tag registered to a Chevrolet. The officer, who had prior knowledge that the [D]efendant swapped license plates on his vehicles, stopped the vehicle when the [D]efendant attempted to exit a parking lot and enter the street.

The officer informed the [D]efendant that his registration did not match his vehicle and asked for his driver's license and proof of insurance. The [D]efendant told him that he did not have to provide anything to him because he was not a State Trooper and declined to produce a driver's license. The officer charged him with the offenses of driving a vehicle that was not properly registered and failure to display a license. The officer said that he later researched the [D]efendant's license information and that it showed he had a valid license with no prior negative history.

The second incident giving rise to this appeal occurred on November 25, 2006, when the [D]efendant was stopped by a Tennessee Highway Patrolman for failing to wear a seatbelt and for driving an improperly registered vehicle.

*State v. David A. Ferrell*, No. M2007-01306-CCA-R3-CD, 2009 WL 2425963, *1 (Tenn. Crim. App., at Nashville, Aug. 7, 2009), *perm. app. denied* (Tenn. Feb.8, 2010). Based on the August 2006 stop, the Petitioner was convicted of failure to display a license and violation of the vehicle registration law. Based on the November 2006 stop, he was convicted of violation of the registration law and violation of the seatbelt law. The trial court sentenced him to serve an effective sentence of thirty days in jail and to pay a fifty dollar fine.

This Court affirmed his convictions and sentence on direct appeal. *Id*. at *3. The Petitioner then applied for permission to appeal this Court's decision with the Tennessee Supreme Court, but the Supreme Court denied his application on February 8, 2010. Two days later, on February 10, 2010, the Petitioner filed the present petition for post-conviction relief, claiming the trial court lacked jurisdiction over his case. He also requested appointment of counsel and a hearing. Without a hearing, the post-conviction court issued a written order dismissing the Petitioner's petition, stating the petition was filed "after a one year period from the Court of Appeals Decision." The Petitioner now appeals this judgment.

2

## II. Analysis

On appeal, both the Petitioner and the State agree that, because the Petitioner filed his petition within one year of the Supreme Court's denial of his application for permission to appeal, the post-conviction court erred when it dismissed the petition for post-conviction relief as untimely.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. T.C.A. § 40-30-103 (2009). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-110(f). A post-conviction court's factual findings are subject to a de novo review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. *Fields v. State*, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this Court, with no presumption of correctness. *Id*. at 457.

The Post-Conviction Procedure Act provides:

> [A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken, or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred.

T.C.A. § 40-30-102(a) (2009). Thus, in order to satisfy the limitations period of the Act, a petitioner who has taken an appeal must file for post-conviction relief within one year of this Court's ruling or, should he appeal this Court's ruling to the Supreme Court, within one year of that court's denial of permission to appeal or decision on the merits. *See* T.C.A. § 40-30-102(a).

In this case, the Petitioner filed a direct appeal of his convictions. We affirmed the Petitioner's convictions on August 7, 2009. The Petitioner timely filed an application with the Tennessee Supreme Court for permission to appeal this Court's decision. On February 8, 2010, the Tennessee Supreme Court denied the Petitioner's application for permission to appeal. Two days later, on February 10, 2010, the Petitioner filed the present petition for post-conviction relief in the Circuit Court of Warren County. The Circuit Court summarily dismissed the petition and stated that the petition had been filed more than a year after the release of this Court's August 7, 2009, opinion affirming the Petitioner's convictions.

As discussed above, the Post-Conviction Procedure Act allows for a one-year period, commencing with the "final action of the highest state appellate court to which an appeal is taken," during which to file for post-conviction relief. T.C.A. § 40-30-102(a). In this case, the final action of the Tennessee Supreme Court, the highest state appellate court to which the Petitioner took an appeal, occurred on February 8, 2010. Thus, the post-conviction filing period in this case began on February 8, 2010, and would have ended February 7, 2011. The Petitioner was well within the limitations period when, on February 10, 2010, he filed his petition for post-conviction relief. We conclude that the Petitioner timely filed his petition and that, as a consequence, the post-conviction court erred when it summarily dismissed his petition for untimeliness. As such, we reverse the judgment of the post-conviction court and remand to the post-conviction court for further proceedings.

## III. Conclusion

After a thorough review of the record and relevant authorities, we conclude that, because the Petitioner timely filed for post-conviction relief, the post-conviction court erred when it dismissed the petition based on its finding that the petition was untimely. As such, we reverse the judgment of the post-conviction court, and remand to the post-conviction court for further proceedings.

_____
ROBERT W. WEDEMEYER, JUDGE